UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
OBATAIYE MASSEY,

                    Plaintiff,

                                        MEMORANDUM AND ORDER
          -against-                     18-CV-1469(JS)(SIL)

SUFFOLK COUNTY RIVERHEAD JAIL,
OFFICE OF THE SHERIFF, and
SUFFOLK COUNTY COMMISSARY,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Obataiye Massey, pro se
                    593749
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearances.

SEYBERT, District Judge:

          On March 8, 2018, incarcerated pro se plaintiff Obataiye

Massey ("Plaintiff") filed a Complaint in this Court pursuant to

42 U.S.C. § 1983 against the Suffolk County Riverhead Jail (the

"Jail"), the Office of the Sheriff ("Sheriff's Office"), and the

Suffolk  County  Commissary  ("Commissary"  and  collectively,

"Defendants").  However, Plaintiff did not pay the filing fee nor

did he file an application to proceed in forma pauperis and the

required  Prisoner  Litigation  Authorization  form  ("PLRA").

Accordingly, by Notice of Deficiency dated March 9, 2018, (see

Docket Entry 4), Plaintiff was instructed to either remit the

filing  fee  or  complete  and  return  the  enclosed  application  to

proceed in forma pauperis and PLRA in order for the case to proceed (see Docket Entries 6-7).  On March 16, 2018 Plaintiff filed an application to proceed in forma pauperis together with the PLRA.  On April 2, 2018 and May 21, 2018, Plaintiff filed applications for the appointment of pro bono counsel to represent him in this case.  (See Docket Entries 8 and 10.)

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.  However, for the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(i).  Given the dismissal of the Complaint, Plaintiff's applications for the appointment of pro bono counsel to represent him in this case are DENIED as they are now moot.

THE COMPLAINT[1]

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Memorandum and Order.  Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).  Excerpts from the Complaint as reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

Plaintiff's sparse Complaint is submitted on the Court's Section 1983 Complaint form and seeks to challenge the pricing and labeling of food items sold at the Commissary. In its entirety, the Statement of Claim alleges that:

> Suffolk County Jail (Office of the Sheriff) is commiting crimes I would get incarcerated for. Suffolk County is Money Gaulging, and cheating the Government (IRS) and myself and inmates out of Hundreds of thousands, possible Millions of Dollars a year Due to there commissary selling individual products clearly stating on its wrappers Not to Be sold as a individual product. Myself and other inmates should get these products in Bulk, But they (products) are taken out of the Box and sold separately. I am sure with an investigation that Suffolk County Commissary Revenue is Not Being Reported correctly to the State for taxes At the End of the year. This is a criminal offense, and practice that has been going on for years and years. I myself have to pay Extra amount of money sent to me By family and that I've worked hard For for coffee 25¢ Not sold For Retail, Hot cocoa 30¢ Not sold for retail (individual sale) Little Debbie cakes 60¢ Not labeled For resale, Breakfast Essentials 75¢ this unit Not labeled For individual sale, along with Many others. I have sent proof and a commissary sheet enclosed so that you can see the limit of these Not for Sale items on commissary costing me thousands of Dollars since 2012-2018. (this is a crime & possible tax evasion).

(Compl. ¶ II.) In the space on the form complaint that calls for a description of any injuries suffered and what medical treatment, if any was required and/or provided, Plaintiff alleges:

> Injuries results, Me and my Family Having to go Broke Buying commissary just to survive. Having to pay for items Not for Retail sale 10 times the amount of that item. I have to struggle to Eat and Buy Hygiene products Due to the money gaulging of Suffolk County.

(Compl. ¶ II.A.)  For relief, Plaintiff seeks "[d]ue compensation, I am seeking Every Dollar Back Due to the High Price of commissary and Phones, Phones are also Extra Expensive $17.00 for 15 minuets Securus Phone.  I am also seeking the Bulk of Products I am Entitled To For Commissary and Relief of custody.  I also want a prosecution."  (Compl. ¶ III.)

DISCUSSION

I.    In Forma Pauperis Application

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

II.   Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  See id. § 1915A(b).

4

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A.   Claims Against the Jail, the Sheriff's Office and the Commissary

Plaintiff's Section 1983 claims against the Jail, the Sheriff's Office and the Commissary are not plausible because none of these entities have an independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing

claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted).  Thus, Plaintiff's Section 1983 claims against the Jail, the Sheriff's Office, and the Commissary are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).  Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Suffolk County, and finds that he has not for the reasons that follow.

B.    Claims As Construed As Against Suffolk County

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see

also <u>Monell</u>, 436 U.S. at 690-91.  "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  <u>Monell</u>, 436 U.S. at 690-691 (internal citation omitted).

Here, even affording the <u>pro</u> <u>se</u> Complaint a liberal construction, Plaintiff has not alleged the deprivation of any constitutional right.  "It is well-established that '[i]nmates have no constitutional right to purchase items from the prison commissary.'"  <u>Miller v. Cty. of Nassau</u>, 12-CV-4164, 2012 WL 4741592, *7 (E.D.N.Y. Oct. 3, 2012) (quoting <u>Vega v. Rell</u>, No. 09-CV-0737, 2011 WL 2471295, at *25 (D. Conn. June 21, 2011)) (citing <u>Mitchell v. City of N.Y.</u>, No. 10-CV-4121, 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011) (dismissing claims regarding commissary pricing and selection); <u>Davis v. Shaw</u>, No. 08-CV-0364, 2009 WL 1490609, at *1 (S.D.N.Y. May 20, 2009) (any claims regarding prison commissary do not rise to level of constitutional violation because inmates have no constitutional right to use prison commissary). Accordingly, Plaintiff's Section 1983 claims, as construed against Suffolk County, are not plausible and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV.  Leave to Amend

     For the reasons set forth above, Plaintiff's Complaint-
-even under the very liberal reading we accord pro se pleadings--
fails to allege a plausible claim against any Defendant.  Nor does
the Complaint allege a plausible claim when construed as against
the County of Suffolk.  Because the deficiencies in Plaintiff's
claims are substantive, and could not be cured if given an
opportunity to amend the Complaint, leave to amend the Complaint
is DENIED.  Given the dismissal of the Complaint, Plaintiff's
applications for the appointment of pro bono counsel to represent
him in this case are DENIED as they are now moot.

                          CONCLUSION

     For the reasons set forth above, Plaintiff's application
to proceed in forma pauperis is GRANTED, (Docket Entry 6), however
the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure
to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),
1915A(b)(1).  Given the dismissal, Plaintiff's applications for
the appointment of pro bono counsel to represent him in this case
are DENIED as they are now moot, (Docket Entries 8 and 10).

     The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)
that any appeal from this Order would not be taken in good faith
and therefore in forma pauperis status is DENIED for the purpose

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:     June __6__, 2018
           Central Islip, New York